[Civ. No. 1912.    First Appellate District.—January 11, 1917.]

## SUNSET LUMBER COMPANY (a Corporation), Respondent, v. GEORGE T. DUNLAP et al., Appellants.

SALE—AMOUNT IN CONTROVERSY—JURISDICTION OF SUPERIOR COURT.— The superior court has jurisdiction in an action brought therein to recover the sum of $310.10, which the complaint alleged was the balance due of the sum of $506.10, the reasonable value of goods sold to the defendants, to render judgment for the amount prayed for, notwithstanding the complaint incidentally alleged that $250 had been paid on account of the $506.10, where the answer denied that the sum of $310.10 was due, and the case went to trial upon the issue thus raised.

APPEAL from a judgment of the Superior Court of Alameda County.    William H. Donahue, Judge.

The facts are stated in the opinion of the court.

Sterling Carr, and P. M. Bruner, for Appellants.

C. L. Colvin, for Respondent.

LENNON, P. J.—The plaintiff in this case commenced an action for the sum of $310.10, which the complaint alleged was the balance due of the sum of $506.10 alleged to be the reasonable value of goods sold to the defendants. The com-

plaint, however, incidentally alleged that the sum of $250 had been paid on account of the $506.10, followed by the above-mentioned allegation that there was a balance of $310.10 due and unpaid. The answer of one of the defendants denied that there was any amount due, and the other denied that the sum of $310.10 was due. The case came on for trial upon the issues thus raised. The defendants did not appear, and judgment went for the plaintiff for the amount demanded.

The appeal is taken from the judgment, and the point is made that the trial court did not have jurisdiction of the action because the demand was for less than three hundred dollars.

While the allegations of the complaint taken in conjunction with the prayer for judgment created some ambiguity and uncertainty, the issue raised by the answer of one of the defendants, and attempted to be raised by the other, was as to whether the sum of $310.10, the amount for which judgment was prayed, was due and owing. No demurrer was interposed to the complaint on the ground of uncertainty, and the issue before the court as above stated involved an amount within the jurisdiction of the court.

The judgment is therefore affirmed.

Richards, J., and Kerrigan, J., concurred.